# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STEVEN CRAWFORD,　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　Appellant,　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　v.　　　　　　　　　　　　　　　)　　C.A. No: S23A-04-001 MHC
　　　　　　　　　　　　　　　　　　)
TOWN OF MILTON PLANNING &　　　　　)
ZONING COMMISSION　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　Appellee.　　　　　　　　　)

## ORDER

Submitted: November 14, 2023
Decided: January 23, 2024

*Upon Consideration of Town of Milton Planning &
Zoning Commission's Motion to Dismiss,*

## GRANTED.

Stephen Crawford, Milton, Delaware, *Pro Se Appellant.*

Scott G. Wilcox, Esquire, Giordano, Delcollo, Werb, & Gagne, LLC, Wilmington, Delaware, *Attorney for Appellee.*

**CONNER, J.**

## INTRODUCTION

Before the Court is the Town of Milton Planning & Zoning Commission's ("Commission") Motion to Dismiss an action filed *Pro Se* by Steven Crawford ("Crawford"). The appeal raises one ground for consideration: "Non-Compliance of Due Process Required by the Town of Milton Town Charter in Section 29; Paragraph 13 when the Land Lease Agreement was executed which will invalidate the agreement and all subsequent decisions and approvals."[1] Crawford's action is untimely and is therefore **DISMISSED**.

## FACTUAL AND PROCEDURAL HISTORY

On December 2nd, 2019, the Milton Town Council unanimously approved a Land Lease Agreement ("Agreement") between Cellco Partnership d/b/a Verizon Wireless ("Verizon") and the Town of Milton.[2] The Agreement was signed by the Town of Milton on December 4, 2019, and became effective on June 17th, 2020, when signed by Verizon. It granted Verizon, as lessee, the right to install and maintain a telecommunications monopole on 210 Front Street, Milton, Sussex County, Delaware, conditioned on Verizon receiving all other necessary government approvals for the use of the property. Verizon secured such necessary government

---

[1] Crawford's Notice of Appeal.
[2] Tr. of Dec. 2, 2019, Town of Milton Town Council Meeting. (Unfortunately, it took several months to transcribe the minutes).

2

approval and following a public hearing on March 21st, 2023, the Commission unanimously approved Verizon's final site plan.

On April 20th, 2023, Stephen Crawford filed an appeal claiming to seek review of the Commission's March 21st, 2023 approval of Verizon's final site plan. However, when reading Crawford's grounds for appeal and subsequent filing, it becomes clear that he is not seeking review of the Commission's March 21st, 2023 site plan approval, but rather the approval of the Agreement by the Milton Town Council on December 2nd, 2019.

Crawford states that his grounds for appeal are "Non-Compliance of Due Process Required by the Town of Milton Charter in Section 29; Paragraph 13 when the Land Lease Agreement was executed which will invalidate the agreement and all subsequent approvals."[3] He doubles down in his reply brief, writing "[t]he issue and reason for appeal to Superior Court is where the cell tower is to be located…."[4]

## STANDARD OF REVIEW

"When reviewing a ruling on a motion to dismiss, we (1) accept all well pleaded factual allegations as true, (2) accept even vague allegations as 'well pleaded' if they give the opposing party notice of the claim, (3) draw all reasonable

---

[3] Crawford's Notice of Appeal.
[4] Crawford's Resp. to Def. Mot. to Dismiss at 2.

3

inferences in favor of the non-moving party, and (4) do not affirm a dismissal unless the plaintiff would not be entitled to recover under any reasonably conceivable set of circumstances."[5]

## DISCUSSION

It is unclear if this challenge to the decision of the Milton Town Council is before the Court as a Rule 3(c) appeal *de novo*, a Rule 72 appeal, or as a writ of certiorari. Crawford refers to his action as an appeal, yet he fails to provide the rule, statute, or code section which permits or governs such an appeal.[6] Alternatively, the Commission refers to Crawford's action as a petition for writ of certiorari. These forms of appeal and writs of certiorari differ in many ways beyond name, however the Court need not address all of their distinctions because under all three forms Crawford's action is untimely. Because the action is untimely, Crawford is not entitled to recover under any reasonably conceivable set of circumstances and this action must be dismissed.

---

[5] *Cent. Mortg. Co. v. Morgan Stanley Mortg. Cap. Hldgs. LLC*, 27 A.3d 531, 535 (Del. 2011).
[6] The Court is cognizant of Crawford's position as a pro se litigant. As such it will explain why Crawford's claims are untimely as a Rule 3(c) appeal, a Rule 72 appeal, and as a petition for writ of certiorari.

4

**1. Timeframe under which a party may file an appeal *de novo* pursuant to Delaware Superior Court Civil Rule 3(c).**

Delaware Superior Court Civil Rule 3(c) governs the commencement of appeals *de novo*. "When an appeal de novo is permitted by law, an action is commenced in the Superior Court by the appellant filing with the Prothonotary a praecipe within the time prescribed by statute for the filing of an appeal. If no time is prescribed by statute, the praecipe shall be filed within 15 days from the entry of the final judgment, order, or disposition from which an appeal is permitted by law."[7]

**2. Timeframe under which a party may file an appeal pursuant to Delaware Superior Court Civil Rule 72.**

Delaware Superior Court Rule 72 governs appeals to the Superior Court "from certain commissioners, boards and courts."[8] Such appeals must be permitted by law.[9] "If no time is prescribed by statute, the notice of appeal shall be filed within 15 days from entry of the final judgment, order, or disposition from which an appeal is permitted by law."[10] "The Court may order an appeal dismissed, sua sponte, or

---

[7] Super. Ct. Civ. R. 3(c).
[8] Super. Ct. Civ. R. 72.
[9] Super. Ct. Civ. R. 72(b).
[10] *Id.*

upon a motion to dismiss by any party. Dismissal may be ordered for untimely filing of an appeal.…"[11]

### 3. Timeframe under which a party may file a petition for a writ of certiorari.

"Although there is no statutorily-imposed time period in which to seek review under a writ of certiorari, [the Delaware Supreme Court has] ruled that the time for seeking such review is analogous to the period governing direct appeals...."[12] "Generally, a petition for a writ of certiorari must be filed within the time [thirty days] set for direct appeals."[13] "Delaware courts have held that a writ of certiorari filed later than thirty days will be excused only under exceptional circumstances."[14]

### CONCLUSION

Crawford's challenge is untimely regardless of whether it is analyzed as a Rule 3 appeal *de novo*, a Rule 72 appeal, or a writ of certiorari. As stated above, Crawford's filings explain that he is challenging the location of the monopole by attacking the process followed "when the Land Lease Agreement was executed",[15] not the March 21st, 2023 site plan approval.

---

[11] Super. Ct. Civ. R. 72(i).
[12] *Petition of Fridge,* 604 A.2d 417 (Del. 1991).
[13] *Matter of Gunn*, 122 A.3d 1292 (Del. 2015). (Internal citation omitted).
[14] *Id.*
[15] Crawford's Notice of Appeal.

The Agreement, which ultimately determined where the monopole would be located was unanimously passed by the Milton Town Council on December 2nd, 2019. On December 4th, 2019, the Land Lease Agreement was signed by the Mayor on behalf of the Town of Milton. Verizon signed the Agreement on June 17th, 2020 making it effective on that date.

Crawford's April 20th, 2023 action was filed more than two years beyond the 15-day window in which an appeal of the approval or subsequent execution of the Agreement may have been filed under Rule 72 or Rule 3(c). Further, Crawford has not provided the Court with any statute that would extend the window in which a notice of appeal may be filed beyond 15 days under either rule.

Likewise, Crawford's April 20th, 2023 action was filed more than two years beyond the 30-day window in which a writ of certiorari challenging the approval or subsequent execution of the Agreement should have been filed. Crawford failed to allege any exceptional circumstances that would excuse a delay of several years in filing the petition for writ of certiorari in this proceeding. The Court acknowledges Crawford's claims that the Milton Town Council's approval of the Agreement on December 2nd, 2019 was "done behind the curtain … to avoid public scrutiny" and not revealed until March 2021 following a FOIA request.[16] However, the Court finds

---

[16] Crawford's Resp. to Def. Mot. to Dismiss at 9.

them unavailing as Crawford "agrees the [December 2nd, 2019] meeting was properly noticed."[17]

For the foregoing reasons Crawford's action is untimely. Therefore, he is not entitled to recover under any reasonably conceivable set of circumstances and this action must be **DISMISSED**.

/s/ Mark H. Conner
Mark H. Conner, Judge

cc: Prothonotary

---

[17] *Id.* at 7.